United States District Court
Southern District of Texas
**ENTERED**
January 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BUZZ BEGIER, | § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:26-CV-00021 |
| ERIC GUERRERO, | § § | |
| Respondent. | § § | |

# MEMORANDUM AND RECOMMENDATION

Petitioner Buzz Begier is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the Gib Lewis Unit in Woodville, Texas. Proceeding *pro se*, Begier filed a 28 U.S.C. § 2254 habeas corpus petition on December 30, 2025. (D.E. 1). Begier contends that his trial counsel was ineffective and that both trial counsel and the prosecutor lied to him about the evidence in his case to coerce his guilty plea. For the reasons discussed further below, it is recommended that Begier's petition be dismissed without prejudice prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases[1] because it is second or successive.

---

[1] A court may dismiss a petition before service under the screening provisions of Rule 4. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

## I. DISCUSSION

### a. Second or Successive

In his petition, Begier contends that trial counsel and the prosecutor coerced him into pleading guilty by lying to him about the evidence. (D.E. 1 at 6). He asserts that his friend now has a video of the victim's stepfather claiming to have paid the prosecutor $5,000, which the prosecutor then gave to Begier's trial counsel to help coerce Begier into pleading guilty. (*Id.* at 6-7). Second, Begier contends that trial counsel was ineffective for failing to advise him of the insufficiency of the evidence. (*Id.* at 8).

In January 2021, Begier filed his first § 2254 petition in case number 2:21-cv-00007, raising claims that trial counsel was ineffective for failing to advise him that the state's evidence was insufficient, that trial counsel teamed up with the prosecutor to lie to him about the evidence, and that his guilty plea was accordingly unknowing and involuntary. (Case No. 2:21-cv-00007, D.E. 1 at 6). His petition was dismissed as time-barred. (*Id.*, D.E. 21 at 1-2).

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application for habeas corpus relief is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same

convictions unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Here, Begier's § 2254 petition is second or successive because he could have raised these claims in a prior application. Begier's current claims are very similar to the claims raised in his January 2021 petition and are based on the same underlying facts, namely, that he contends that the evidence was insufficient and that trial counsel and the prosecutor lied to him about the evidence. The only difference between the petitions is that Begier now claims to have video evidence of a third-party bribing the prosecutor to obtain his conviction, although this evidence is not before the court.

This Court lacks jurisdiction over a habeas action that is "second or successive." *See Key*, 205 F.3d at 774; *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). This Court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit, or it may transfer the successive petition to the Fifth Circuit for a determination of whether Begier should be allowed to file the successive motion in the district court. *See* 28 U.S.C. § 2244(b)(3)(A);[2] s*ee also Henderson v. Haro*, 282 F.3d 862,

---

[2] Begier would have to show (1) that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or (2) that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and (3) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving practice of transferring successive motions).

Because it is not clear whether Begier will be able to make a *prima facie* showing that his application satisfies § 2244(b)(2), dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit. Accordingly, it is recommended that Begier's habeas petition be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

    **b.**    **Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Begier has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with

the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Where a claim is dismissed on a procedural ground, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, because reasonable jurists would not find it debatable that Begier's claims are second or successive and that this Court lacks jurisdiction to hear them, it is recommended that a COA be denied.

## II. RECOMMENDATION

Accordingly, it is recommended that Begier's § 2254 petition (D.E. 1) be **DISMISSED without prejudice** pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases. It is plain from the petition that it is second or successive. It is further recommended that a COA be denied.

Respectfully submitted on January 16, 2026.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).